## ▬ PENALTY FOR SALE OF LIQUOR ON SUNDAY.

Circuit Court of Lorain County.

### CITY OF LORAIN V. JAMES MARALDI.*

Decided, June 18, 1909.

*Liquor Laws—Municipal Ordinance—Not in Conflict With State Law —Penalty.*

A municipality under power granted by Section 1536-100, Sub-Section 5, Revised Statutes, to regulate ale, beer, porter houses and shops and the sale of intoxicating liquors as a beverage, may enact a valid ordinance prohibiting the sale of intoxicating liquor on Sunday and making the penalty therefor not exceeding $500 and not less than $100, for a first offense, though the state law on the same subject makes the penalty not exceeding $100 and not less than $25 for the first offense.

*S. H. Williams, J. F. Strenick* and *F. M. Stevens,* for plaintiff in error.

*Geo. L. Glitsch* and *C. F. Adams,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The first question to which attention is called is as to the validity of the ordinance of the city of Lorain, under which the defendant in error was prosecuted. This ordinance we hold to be valid and within the authority conferred upon the council by Section 1536-100, sub-section 5 of the Revised Statutes, which, speaking of the powers conferred upon municipalities, reads:

"To regulate ale, beer, porter houses and shops, and the sale of intoxicating liquors as a beverage. But nothing in this act shall be construed to amend, repeal or in any way affect the provisions of an act entitled, 'An act to amend Section 4364-20 of the Revised Statutes of Ohio.' "

The section referred to provides for the punishment of those selling liquor on Sunday, and that such penalty shall be a fine

---

*Affirmed by the Supreme Court without opinion, *Maraldi* v. *City of Lorain,* 81 Ohio State, 539.

not exceeding $100 and not less than $25, for the first offense, whereas, the ordinance under which this prosecution was held, provides for a penalty for the first offense of a fine not exceeding $500 and not less than $100.  This makes the penalty for the violation of the ordinance greater than the penalty provided for the violation of the statute, but does not, as we understand it, in any wise affect the statute.  One may be prosecuted who commits the offense either under the statute or under the ordinance.  The two prosecutions are distinct and separate, as appears by the case of *Koch* v. *State,* 53 Ohio St., 433, the syllabus of which reads:

"A former conviction before a mayor for the violation of an ordinance is not a bar to the prosecution of an information charging the same act as a violation of a statute."

It is said, however, that the ordinance is against the policy of the statute, as shown by the statute and by the penalties here provided for the offense charged against the defendant in error, and we are cited to the case of *City of Canton* v. *Nist,* 9 Ohio St., 439; *Thompson* v. *The City of Mt. Vernon,* 11 Ohio St., 688.

The argument drawn from these cases seems to us to be fully answered by the case of *Burckholter* v. *McConnelsville,* 20 Ohio St., 308.

In that case an ordinance of the village of McConnelsville prohibiting the keeping of a place of business "where ale, porter or beer is habitually sold, or furnished to be drunk, in, upon or about the house, where so sold or furnished."

It was urged in that case that this was contrary to the policy of the statute because the statute providing against the keeping of drinking places, used the words, "shall not extend to the wine manufactured of the grape cultivated in the state, or beer, ale or cider."  Speaking of this, the court say:

"It is argued that this general statute impliedly legalizes the sale of pure Ohio wine manufactured of the pure juice of the grape cultivated in this state, or beer, ale, or cider; and that a municipal ordinance prohibiting their sale is against the policy of this statute and therefore void."

After discussing this claim, the court say:

"And it is no ground of objection to the validity of prohibitory ordinances, thus authorized, that the general laws of the state do not extend the prohibition to all parts of the state. Morality and good order, the public convenience and welfare, may require many regulations in crowded cities and towns, which the more sparsely settled portions of the country would find unnecessary."

So, too, it may well be that in municipalities where there is a congested population more severe penalties are necessary and proper to secure an observance of the law, than are necessary where the population is sparse and the sales comparatively few. What might be a very severe penalty in the way of a fine to one whose sales are limited to $2 or $3 a day might be very light for one whose sales are many times that amount per day, and when the Legislature gave to municipalities the power "to regulate ale, beer, porter houses and shops and the sale of intoxicating liquors as a beverage," it was presumed that it was done for the purpose of enabling municipalities to make such regulations, and provide such punishment for the violation of such regulations as the municipality might think best. In short, that the municipality might need some legislation different from that needed for the regulation of those places outside of municipalities.

We reach the conclusion, therefore, that the ordinance is valid.

It is said, however, that the evidence does not support the judgment, and that it is so manifestly weak on the part of the prosecution, so that the judgment should be set aside as not supported by sufficient evidence. This position is not sound. The evidence shows that the defendant in error was the proprietor of a saloon; that back of his bar room, with two intervening rooms, there was a kitchen; that in this kitchen customers were served by this defendant with intoxicating liquors; that the rooms connected and customers came into the front door of the saloon, and, by invitation of the defendant in error, passed into this kitchen, where they were served with their drinks. We

think from this the mayor might well have found that the kitchen was a part of the defendant's establishment, which he kept for the sale of intoxicating drinks.

That the drinks for which the defendant was prosecuted were sold in this kitchen, is not denied. The sale was made by a brother of the defendant. He lived there with the defendant. He was employed as a laborer on the docks, but it is shown that at times prior to the date charged against the defendant in this prosecution, he made sales of drinks at this establishment, and that he also made sales there afterwards. It is said that the court erred in admitting evidence of sales made by the brother after the time charged in the prosecution. We think this evidence was competent, as tending to show that this brother was the agent of the defendant and taken in connection with the evidence that shortly prior to the time charged he made sales there, justified the mayor in coming to the conclusion that in selling the drinks shown to have been sold at the time charged, he was acting as the agent of the defendant.

The result is that the judgment of the court of common pleas is reversed and that of the mayor affirmed.